UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v

Nnamdi Ezeli,

       Defendant.
                                    /

Case No. 12-20263
Honorable Thomas L. Ludington

**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE**

Nnamdi Ezeli (Ezeli) pleaded guilty to one count of wire fraud and one count of aggravated identity theft. On March 20, 2013, he was sentenced to 41 months' imprisonment for the wire fraud and 24 months' imprisonment for the identity theft, the terms "to run consecutive." *See* J. 2, ECF No. 31.

On May 12, 2014, Ezeli filed a motion for a reduction of his sentence pursuant to Federal Rule of Criminal Procedure 35. Ezeli explains that prior to being sentenced, the government approached him "seeking assistance in apprehending and or the prosecution of several unindicted co-conspirators." Def.'s Mot. 1, ECF No. 33. Because he did not have access to the information the government sought, Ezeli was "unable to assist . . . at that time." *Id*. At this point, however, Ezeli maintains that he has "secure[d] information which [he] believe[s] would be beneficial to the Government in the apprehension and prosecution of individuals." *Id*. Although he has "repeatedly attempted to make contact with the United States in order to communicate this information to them," Ezeli's attempts have proven unsuccessful. *Id*. Because he has "not received a reply to any of [his] requests," Ezeli suggests that this Court "consider [his] effort to

provide substantial assistance . . . and provide [him] the relief afforded under Rule 35 of the Federal Rules Of Criminal procedures." *Id*. at 2.

It is true that Rule 35(b) allows a court to reduce a defendant's sentence, either "within one year of sentencing" or "more than one year after sentencing." Fed. R. Crim. P. 35(b)(1), (2). Notably, however—whether within one year of sentencing or later—this Court can reduce a sentence only "[u]pon the government's motion." *Id*; *see also United States v. Woods*, 533 F. App'x 594, 600 (6th Cir. 2013) (establishing that the government has "discretion to file a Rule 35(b) motion.").

There are two situations where "the government's refusal to file a Rule 35(b) motion should be overturned": (1) "if the government agreed to file such a motion in exchange for the defendant's cooperation"; or (2) if the government's decision not to file a Rule 35(b) motion is "based on an unconstitutional motive." *Woods*, 533 F. App'x at 600. Ezeli does not argue that the government ever agreed to file a Rule 35(b) motion to reduce his sentence, nor does he indicate that the government's failure to do so stems from an unconstitutional motive. Thus, there is no authority for this Court to upset the government's discretion on the issue. Because the Court can only reduce a sentence "[u]pon the government's motion[,]" and there being no Rule 35(b) motion by the government in this case, Ezeli's Rule 35 motion must be denied.

Accordingly, it is **ORDERED** that Ezeli's motion to reduce his sentence, ECF No. 33, is **DENIED**.

Dated: May 19, 2014                                    s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Nnamdi Ezeli #47064-039 at NE Ohio Correctional Center, 2240 Hubbard Road, Youngstown, Ohio 44505 by first class U.S. mail on May 19, 2014.

                                      s/Tracy A. Jacobs
                                      TRACY A. JACOBS