UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

NNAMDI EZELI,

       Defendant.
_____/

Case No. 12-20263
Honorable Thomas L. Ludington

**ORDER DENYING DEFENDANT'S MOTION
FOR RETURN OF PROPERTY WITHOUT PREJUDICE**

Nnamdi Ezeli pled guilty to wire fraud and aggravated identify theft on November 26, 2012. He was subsequently sentenced to consecutive terms of 41 months' imprisonment for the wire fraud and 24 months' imprisonment for the identity theft. At the time of Ezeli's arrest on these charges (among others), the government seized a number of his personal items. *See* Def.'s Mot. Ex. A, ECF No. 35.

On June 13, 2014, Ezeli filed a motion under Federal Rule of Criminal Procedure 41 for the return of some of those items. Specifically, he wants the government to return the following:

> (1) genuine Nigerian passport in the name of Nnamdi Ezeli; (2) envelope of passport photos; (3) blackberry charging cord; (4) Tomtom GPS unit; (5) Sony cybershot camera; (6) three cell phones; (7) one Sandisk thumbdrive; (8) one Kenneth Cole watch; (9) one DKNY watch; (10) genuine social security card for Nnamdi Ezeli; (11) four cell phones; (12) charging station for Blackberry; (13) Toshiba laptop computer serial number 5A308751W.

*See* Def.'s Mot. 1.

Rule 41(g) provides that a person "aggrieved . . . by the deprivation of property may move for the property's return. . . . The court must receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g). After Ezeli filed his motion for the

return of the above-listed items, the Court ordered that the government respond. The same day, the government filed a response indicating that "[o]n January 23, 2014, United States Secret Service Special Agent Fitzgerald returned Ezeli's personal property to Richard Morgan's office, including cellphones, a wiped blackberry, a wiped computer and several other items not deemed to be proceeds of the crime." Pl.'s Resp. 1, ECF No. 37. According to the government, "[o]n June 17, 2014, Richard Morgan confirmed that he received those items from the government, and they were currently at his office." *Id*.

Some of Ezeli's property, however, was not handed over to Mr. Morgan (counsel appointed to represent Ezeli in his criminal case). The government indicates that Ezeli's "Nigerian passport will not be returned" because all "defendants must surrender their passport at the time of arrest." *Id*. The government believes that upon release, "Ezeli will be deported and his passport will be revoked." *Id*. at 2. Under these circumstances, the government is permitted to retain a foreign national's passport. *See United States v. Beras*, No. 99-75, 2003 WL 21136727, at *1 (S.D.N.Y. May 15, 2003) ("if a defendant's passport is necessary for the Government to effect the deportation and exclusion of the defendant after he has completed his sentence, the passport may be retained by the Government.").

The government indicates that Ezeli's Social Security card will not be returned, but that he "can apply for a new card" upon release. Pl.'s Resp. 2. Also, the government indicates Ezeli's passport photos were destroyed because he used them "to generate counterfeit passports and driver's licenses and are considered evidence used in furtherance of a crime." *Id*. So these items also need not be returned to Ezeli.

Ezeli should contact Mr. Morgan, his former counsel, and arrange for the return (or transfer to another) of his personal property. At that time, should Ezeli discover that any of the

- 3 -

above items he seeks (aside from his passport, social security card, and passport photos) are not available, he may once again move for those items to be returned to him.

Accordingly, it is **ORDERED** that Ezeli's motion for the return of property, ECF No. 35, is **DENIED** without prejudice.

Dated: June 27, 2014                                       s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Nnamdi Ezeli #47064-039 NEOCC, 2240 Hubbard Road, Youngstown, OH 44505 by first class U.S. mail, on June 27, 2014.

                            s/Tracy A. Jacobs
                            TRACY A. JACOBS